**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKEY PIERRE COLLINS, | ) | CASE NO. CV 13-03944 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Rickey Pierre Collins, afflicted with diabetes, degenerative disk disease and an unspecified psychotic disorder, asserts that the Administrative Law Judge wrongly determined that he was not disabled. He argues only that the jobs identified by the vocational expert as being jobs that he could perform require a language level beyond that which he is capable of, as determined by the Administrative Law Judge in his residual functional capacity. Rather than rely on this technical supposed error, the Court affirms.

The Administrative Law Judge stated that, despite his impairments, Plaintiff retained the capacity to perform medium work, except for work that requires reading and writing, and he stated that Plaintiff occasionally — about once a month — would have difficulty with social interaction, but that this would not preclude normal activity. [AR 26, 29] Although Plaintiff had no past relevant work [AR 30], the Administrative Law Judge found that there were jobs that existed in sufficient numbers in the economy that Plaintiff

could perform. Among these were housekeeper, cleaner II, and hand packer. [AR 31] Accordingly, the Administrative Law Judge determined that Plaintiff was not disabled. [*Id.*]

Plaintiff asserts that there is an inconsistency between each of these jobs and his residual functional capacity. Each of these jobs is listed in the Labor Department's DICTIONARY OF OCCUPATIONAL TITLES and, as with all jobs in the DICTIONARY, carries a "trailer" with short-hand component abbreviations, one of which is "General Education Development." Within that category, there are sub-categories of "Reasoning Development," Mathematical Development," and "Language Development." The Language Development category contains six gradations, the lowest of which, Level 1, provides a reading level of recognizing the meaning of 2,500 words, reading at a rate of 95-120 words per minute, and comparing similarities and differences between words and between series of numbers. A similar level of writing ability is described. The jobs identified by the Administrative Law Judge all carry this lowest level, Level 1.

Plaintiff argues that since Level 1 requires a reading and writing capability, there is an inconsistency between these job requirements and his residual functional capacity, in which the Administrative Law Judge found that he needed jobs that did not require reading and writing.

The Administrative Law Judge relied on the testimony of the vocational expert. He was required to ask the vocational expert if his opinion was consistent with the DICTIONARY, but he did not do so. Under *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007), this was error. However, it is a procedural error, and the question here is whether it is harmless error or not. *Id.* at 1154 n.19.

The Court concludes that the error was harmless. The Administrative Law Judge specifically asked the vocational expert a hypothetical question, which clearly asked the expert, among other things, to "assume the hypothetical person is unable to effectively read and write." [AR 55] The vocational expert responded that such a person "would be able to work based on this hypothetical," and went on to identify the three jobs listed

above. [*Id.*] A vocational expert's testimony can stand as substantial evidence supporting the Administrative Law Judge's decision if the hypothetical questions he answers fairly describe the claimant's limitations. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The actual descriptions of the jobs identified do not contain any reading or writing requirement. Since Level 1 is the lowest level in the DICTIONARY, since the Commissioner has provided that the DICTIONARY is to be consulted for job descriptions SSR 00-4p, and since illiteracy does not *per se* disable an individual, *Pinto v. Massanari*, 249 F.3d 840, 849 (9th Cir. 2001), there must be jobs in the DICTIONARY that do not require reading and writing. And, in fact, the Administrative Law Judge explicitly found that the vocational expert's testimony was consistent with the DICTIONARY. [AR 31]

In addition, the Administrative Law Judge was not required to consult a vocational expert. A vocational expert must be consulted if non-exertional limitations on a person's ability to work take the matter out of the grids. *Aukland v. Massanari*, 257 F.3d 1033, 1034 (9th Cir. 2001); *Desrossiers v. Secretary of Health and Human Services*, 846 F.2d 573, 577-78 (9th Cir. 1988). However, here the non-exertional limitation was that Plaintiff "occasionally has difficulty interacting with the general public or getting along with coworkers or peers," and the Administrative Law Judge explicitly stated that this limitation "would not preclude normal activity." Thus, the non-exertional limitation was really no limitation at all, which means that the grids should have applied. Where the grids apply, the Administrative Law Judge has no discretion; he must apply them. *Cooper v. Sullivan*, 880 F.2d 1152 (9th Cir. 1989). Under the grids, Plaintiff would have been deemed "not disabled." 20 C.F.R. Part 404, Subpart P, Appendix II, Rule 203.18.

For all these reasons, the Court concludes that the Administrative Law Judge's error in not asking the vocational expert if his testimony was consistent with the DICTIONARY was harmless. Accordingly, the decision of the Commissioner is affirmed.

DATED: April 17, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE